Good morning. May it please the court, I'm Kari Hong, I'm representing appellant Angel Godinez. I'm going to focus my remarks starting on the procedural error that occurred in this case. There is no evidence of the statute that would qualify for the predicate offense to apply a 16-level enhancement. This case squarely falls in Black and Pinatel, which held that we're in a similar situation where the PSR and the district court did not have the statute that the case must be remanded for a new sentencing hearing. Unlike Black, whereby the government was able to produce copies of the judgment on appeal before this court, this court took exception and took judicial notice of those documents on appeal for the first time because it concluded that it was inevitable in that situation that the controlled substance offense under Section 2K would be found true below. What's different is that in this case it's not inevitable that the conviction for the infliction of injury on a child and the controlled substance offense may be predicate offenses. Under Section 2L, the dispositive factor is the date that these offenses occurred. What is significant is that the government only produced an abstract of judgment, which by California Supreme Court, and by this case in Navidad Marquez, recognizes this is a clerical document that contains many typos. And what's significant in Black is that the court or that the government before this court submitted the actual judgment and conviction. And this is no minor discrepancy in that the actual abstract of judgments lists the convictions of taking place on March 23, 2004. The PSR, by contrast, locates the dates of conviction to be subsequently 1999 or April 4, 2004. But also the abstracts of judgment mention that the sentence and the conviction was made final on November 2004. Mr. Gudanez was deported in July 2004. So if it's shown that these convictions occurred in November 2004, it's all irrelevant and they cannot be predicate offenses. Sotomayor, was there an objection? Down below? No. This is reviewed under clear air. Well, I understand there were four convictions upon which the court was looking at. And while you've addressed the two convictions that might have happened after the person was deported, that there were two convictions that happened prior to the deportation, and that those were the ones of 4-2004 drug trafficking and the 4-2004 infliction of injury on a child. And as I understand it, the abstract of judgment deals with the 4-April 2004 drug trafficking, which did not occur after the deportation. And so therefore, I guess, given that, I have a tendency to agree with you for those that were in November 2004, but we had four here. One, infliction of drug trafficking in April, and those were prior to the deportation. We don't know that for a fact. Unlike Black, where the government submitted the actual judgment, the abstract of judgment has both the March and the November date of 2004 on them. Well, that's why the plain error becomes important, because if there had been an objection, this all could have been straightened out. And so I'm not quite sure I see how you can get how you can get by the plain error. Black involved a similar situation where it determined that the plain error was evident simply because there was an actual mistake, and that the substantial rights were affected because it's not an inedible conclusion that the date, in fact, has been established by the government. Definitely before the district court, and arguably even before this court, it's very much in question as to when these convictions occurred. However, if we're only talking about the categorical approach here now, we're not going to talk about modified categorical, or we'd be in the Snellenberger and we can't get there. But if we're talking about the categorical approach, we're talking about one predicate offense, and that predicate offense must be shown to be a felony, must shown to be a drug trafficking offense, and must be shown that the sentence was longer than 13 months. Now if I look at the abstract of judgment, and I look at what it says there, seems automatic that I can see based on Sandoval Sandoval, which we had back in in 2007, I can look at what will this abstract of judgment show me which will be helpful. Well, that abstract proves that there was a conviction. That abstract shows that the length of the sentence was 13 months, and that abstract shows that it was a drug trafficking offense. So under U.S. v. Black, and given the standard I have in front of me, where am I left to go? Well, I would contend that under Navidad-Marcos and the People v. Hong case in the California Supreme Court, is that the abstract of judgment is not a judicial document. It's a clerical document. And the California Supreme Court submits that typographical errors occur all the time. With regards to the drug trafficking conviction, there were five counts under which he was charged. Two are listed on the actual abstract. One, which is 113579A under Navidad-Marcos, is not a drug trafficking offense for purposes of the sentencing guideline. It's very essential that this person receive the process that's due at the sentencing hearing, that the government has the burden, by clear and convincing evidence, to prove that a predicate offense occurred and occurred after a state of deportation. But here we are, counsel, and I think my good colleague and the good chief is pretty much on. Nobody told me, nobody said anything to the court. I'm the poor old district judge. I'm down there. I'm doing what I need to do. Nobody objects. So we're on plain error here. We're not on finding that we might have a problem, there's something we might talk about here and there. We're talking plain error. We're talking what we got as a predicate offense. We're talking about what that abstract of judgment shows to me. Why should I send that back to the district court for a perfunctory hearing? Under Penitent Flores, this court should because, quote, the actual statute of the prior conviction must be supplied to the district court by the government, whether or not anyone objects to its absence. And now what it says, although this court can, quote, understand the frustration that district courts who sentenced the defendant on the record with no objection, only to have later to revisit the matter because the government failed to do its job, relying solely on the factual description in the PSR, however, was plain error. That's the rule under Penitent Flores. All right. If there are no further questions, that's a good cue for the government. Okay. Thank you. Good morning, Your Honors. May it please the Court. My name is Mary Jean Chan, and I represent the United States in this appeal. I'd like to address the defense counsel, or appellate counsel's argument regarding Penitent Flores, and first start off by saying why this case is different than Penitent Flores. This case is different than Penitent Flores because in that case, when the district – when the court of appeals was given the specific statute of conviction regarding the assault, that was still not enough for the court to find under the categorical approach that it qualified under 2L1.2 under the sentencing guidelines for the 16-level enhancement. It was clear that the statute talked about assault, but it could be broader than what was defined in the sentencing guidelines. For a crime of violence, under the sentencing guidelines, only aggravated assault qualifies. So that's very different than this case. In this case, the judicially noticeable documents that have been presented to this Court by both the defendant as well as the government in the excerpts of record show unequivocally that the defendant was deported after having sustained convictions under Health and Safety Code 11350.1.5, which is categorically a drug-trafficking offense under the sentencing guidelines. So your position is that Penitent Flores was actually decided on the basis of an ambiguity in the document? It had to be remanded because of that, yes. And that's why you say that there's no ambiguity in the documents here. Absolutely not. And with respect to the argument that the abstract of judgment is not sufficient, that's not the case. Under Valle Montalvo, this Court has said that abstracts of judgment are sufficient for the purposes of categorical analysis. It's different than the modified categorical approach, which is, I think, what the counsel was addressing. So what's important is that not only are there judicially noticeable documents before this Court establishing two prior convictions, one a drug-trafficking offense and one a crime of violence, but that these judicially noticeable documents are not contested at all by the defendant, was not – was actually submitted to the Court in part of the excerpts of records by the defendant. And as far as I can understand, even though they're making a procedural argument that the district court should have looked at these statutes of convictions prior to making the enhancement, are not actually contesting that he was deported after these qualifying convictions. And I think that's very important, because even if this Court finds that the district court should have first looked at the statutes of conviction and failed to do that, there's no effect on the defendant's substantial rights, and therefore, remand is not warranted in this case. But beyond that, the United States position is that actually that the district court did not err in the first place, and that it had a sufficient basis for making the enhancement without knowing the statute of conviction under the modified categorical approach. And that is because the PSR made a description of what the defendant did in 1999, inflicting injury upon a child. That, coupled with the fact that the defendant made no objection to that conviction, made no objection to the fact that the PSR said that that conviction was a qualifying predicate conviction for the 16-level enhancement, plus, most importantly, that the defendant in front of the sentencing judge specifically made admissions saying that he had bitten through the cheek of his toddler, provided a basis for the district court to find by clear and convincing evidence that he had committed a crime and was convicted of a crime of violence, because an element of it included the use of physical force against another person, in this case, his child. So the United States position is that the district court made no error at all, even if this court were to find the – but that it doesn't really matter, because even if the court did, it doesn't rise to the standard of plain error. Finally, I wanted to briefly address the appellant's argument that the district court's explanation of its sentence was inadequate. However, your last argument, it's of some worry to me that under Taylor, it says the actual statute of prior conviction must be supplied to the district court by the government whether or not anyone objects to its absence. Now, it seems to me that what the government is trying to do is use the PSR as a qualifying document for the categorical approach. Do we have any case in front of us where we have used the language of the PSR as the qualifying document for that kind of a decision? Your Honor, first, I want to clarify my argument is that the PSR is a qualifying document under the modified categorical approach. Well, I understand you're going to the modified, but even then, is there any case which would suggest that your PSR is a qualifying document under the modified approach? Yes, Your Honor. I did not cite this in my brief and only came across it in my preparation for oral argument. But in U.S. v. Bonilla-Montenegro, which is at 331 F. 3rd, 1047, pin site 1050, which is a Ninth Circuit case from 2003, this court found that under the modified categorical approach that the combination of the PSR naming the crime a voluntary manslaughter without naming the specific statute of conviction in combination with the defendant's admissions in the context actually of trying to get some INS benefits provided a basis for the district court to find by clear and convincing evidence that an aggravated felony qualifying for the enhancement had been made and was reasonable in that case. Because I looked at Corona-Sanchez, and in my book, Corona-Sanchez, under our court, said that it was an open question whether the PSR might be relied upon. And it had to be based upon an acceptable source in that particular situation. And I'm not sure we got the acceptable source here, because we don't have any source. We just have evidence. Well, Your Honor, I think that even under Taylor, what is necessary is the end or Taylor, you need to have the statute of conviction. And I think that it's sufficient if it's provided to the government, provided through the PSR by the government if there are no objections. The government's position in this case is not simply that the district court could rely simply on the PSR, but it was a combination of factors. It was the description of the PSR that the defendant failed to object to, and then specifically made admissions to. And I think it's very important that he made admissions about the crime that was talked about in the PSR. Well, but under the modified categorical analysis, I'm understanding that it's the nature of the conviction that I'm supposed to be worried about, not the conduct underlying the conviction. So therefore, I'm to look at the record of the conviction itself, and I'm to make sure that the record of the conviction is equal. Both records are the same. The one starting out, whether it be the information or the complaint, and the one at the end, the judgment or whatever, so that I can make that. I've never seen anything. Sanval Lua versus Gonzalez suggests that I don't look beyond the record of the conviction. Well, I think what's important is that the proof or that this conviction be a reliable conviction. And I think that a defendant's admission in any other – in any context, even when it's proof beyond a reasonable doubt, is sufficient, for example, to convict a defendant. And in this case, the defendant's admissions certainly, I think, show that what he did and what he was convicted of included the use of physical force against another person. And that is what's necessary under the guidelines to find that he was convicted of a crime of violence prior to deportation. Well, but, I mean, I'm just reading the language, Sanval Lua. Under Taylor and Shepard, the record of conviction is not a proxy for determining whether the appellant committed the relevant conduct. It is instead a self-sufficient body of the only evidence that can be considered on the issue. In other words, the documents to which we are limited under Shepard are not a purely practical limit. They're also a legal limit intended to hold our inquiry to the legal conviction rather than the factual conduct. Well, Your Honor, I'm not talking about the factual conduct itself. I'm saying that the defendant's admission of what he was convicted for, the factual basis for the conviction, provided the Court clear and convincing evidence of what he had been convicted of. Well, he never did in any of this, as I read the record, say, I was convicted of a drug crime. Oh, no, I'm talking specifically of the crime. Nor did he talk about nor did he say I was convicted of another crime. He just talked about conduct. Well, I my position or the government's position is that he was specifically addressing the crime of violence conviction. In fact, the colloquy at the sentencing was really about the crime of violence predicate offense. So it was in that context, and he did not object to that being characterized as a crime of violence or that it was a predicate offense. And in talking about it, he filled in whatever gaps there might have been. The crime is described as inflicting injury upon a child, which I think is pretty clear on its face that it includes using some sort of force upon a child. And then when he supplemented that by saying that the basis or the factual basis for his conviction was that he had bitten the child, then that showed that there was a use of physical force. And the government also argued that the sentence was adequately explained as per CARTI. Thank you. Thank you, Your Honor. And the government would ask for an affirmation. Thank you. I'd just like to correct the record. Mr. Gudanis made no objections because the statutes were never in the PSR. We do not have evidence of what the actual injury on the child conviction was in fact. He only admitted that he made a love bite towards his child, but that is not clear and convincing evidence of a predicate offense that would qualify for 16-level enhancement. The other issue is that the PSR itself, if you look at page 5, 6, and 7, the PSR mentions that an incident report was requested but never made available. The PSR never even looked at the statutes. And so, of course, we're now speculating what those statutes might be, but they were never before the district court, and they were never proven. If there are no further questions, I'd like to submit the case. Thank you. The case just argued is submitted for decision. We'll hear the next case, which is United States v. Amazon Bacara.
judges: Schroeder, Smith, Fairbank